**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,   )  | CR 03-00355-002-PCT-RCB |
| Plaintiff,   ) | |
| vs.   ) | **ORDER** |
|    ) | **REVOKING SUPERVISED RELEASE** |
| Harris James (02),   ) | |
| Defendant.   ) | |

A petition for revocation of supervised release having been filed and hearings held with the defendant and counsel present, and the defendant having previously admitted violation of Special Condition #14 (allegation C, a grade C violation),

**IT IS ORDERED** revoking the defendant's supervised release and the above-named defendant, Harris James, is committed to the custody of the Bureau of Prisons for a term of **SIX (6) MONTHS**, with credit for time served.

**IT IS FURTHER ORDERED** upon release from the Bureau of Prisons, defendant is placed on supervised release for a period of **FIFTY-FOUR (54) MONTHS.**

**IT IS FURTHER ORDERED** affirming standard conditions of supervision adopted by the Court in General Order 12-13 previously imposed. The Defendant shall comply with the following additional conditions:

1. You shall participate as instructed by the probation officer in a program of substance abuse treatment which may include testing for all forms of substance

abuse. You shall contribute to the cost of treatment in an amount to be determined by the probation officer.

2. You shall submit your person, property, house, residence, vehicle, papers, computers as defined in 18 U.S.C. 1030(e)(1), other electronic communications or data storage devices or media, or office, to a search conducted by a probation officer. Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

3. You shall provide the probation officer access to any requested financial information.

4. You are prohibited from making major purchases, incurring new financial obligations, or entering into any financial contracts without the prior approval of the probation officer.

5. You shall attend and participate in a sex offender treatment program and sex offense specific evaluations as approved by the probation officer. You shall abide by the policies and procedures of all the treatment and evaluation providers. You shall contribute to the cost of such treatment and assessment not to exceed an amount determined to be reasonable by the probation officer based on ability to pay.

6. You shall attend and participate in periodic polygraph examinations as a means to determine compliance with conditions of supervision and the requirements of your therapeutic program, as directed by the probation officer. No violation proceedings will arise solely on the result of the polygraph test. A valid Fifth Amendment refusal to answer a question during a polygraph examination will not be used as a basis for a violation proceeding. You shall contribute to the cost of such polygraph examination not to exceed an amount determined to be reasonable by the probation officer based on ability to pay.

7. You shall reside in a residence approved, in advance, by the probation officer. Any changes in the residence must be pre-approved in writing by the probation officer.

8. You shall not possess, view, or otherwise use material depicting sexually explicit conduct as defined in 18 U.S.C. § 2256 (2). You shall not possess, view, or otherwise use any other material that is sexually stimulating, sexually oriented, or deemed to be inappropriate by the probation officer and/or treatment provider. You will submit any records requested by the probation officer to verify your compliance with this condition. You shall not enter any location where the primary function is to provide these prohibited materials.

9. You shall register as a sex offender in compliance with all federal, state, tribal or other local laws or as ordered by the Court. Failure to comply with registration laws may result in new criminal charges.

10. You shall not directly or indirectly contact any victim(s) and victim(s) family of the instant offense(s) without prior written permission. This also includes victim(s) disclosed in treatment, assessment and/or any other victim identified by the probation officer. Indirect contact includes, but is not limited to letters, communication devices, audio or visual devices, communication through a third party and /or your presence at any location the victim(s) may be known to frequent. You shall immediately report any contact to the probation officer.

11. You shall not contact the following victim(s), Charlotte Brown, and the probation officer will verify compliance.

12. You shall abstain from all use of alcohol or alcoholic beverages.

13. You shall have no contact with the co-defendants in this case, Irvin Cepi and Branden Pete. You are not precluded from contact with your father, Hoskie James. You shall notify the probation office of such contact with Irvin Cepi and Branden Pete.

14. To the extent the special assessment or restitution is not completely paid during the Defendant's incarceration, he shall pay the special assessment or restitution at the

- 3 -

|   |   |
|---|---|
| 1 | rate of not less than $150 per month to commence within 60 days of his release |
| 2 | from custody. The full amount to be paid in not less than 6 months prior to the |
| 3 | completion of his supervised release. |
| 4 | The Court finds that there is an outstanding restitution balance of $4,688.04. |
| 5 | **IT IS FURTHER ORDERED** that the remaining allegations in the Petition (A |
| 6 | and B) are dismissed upon motion of the Government. |
| 7 | The defendant is remanded into the custody of the United States Marshal Service. |
| 8 | The defendant is advised of right to appeal within 14 days. |
| 9 | Disposition hearing held on November 26, 2013. |
| 10 | DATED this 26th day of November, 2013. |

_____
Robert C. Broomfield
Senior United States District Judge

- 4 -